## No. 9178.

### BRUNTON v. STAPLETON.

1. EVIDENCE—*Examination of Parties*—Scope. Defendant being called as a witness for plaintiff, the court, over the objection of plaintiff, permitted his cross-examination upon other matters than those to which he had been interrogated in chief. *Held* a mere question of the order of proof, and within the discretion of the court.

2. INSTRUCTIONS—*Definition,* of words of well-known import not required.
3. NEW TRIAL—*Verdict on Conflicting Evidence,* will not be disturbed.

*Error to Garfield District Court, Hon. John T. Shumate, Judge.*

Mr. JAMES W. KELLEY, Mr. CHARLES W. DARROW, for plaintiff in error.

Mr. M. J. MAYES, Mr. E. C. KINGSBURY, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS is an action in replevin by the plaintiff, plaintiff below, against the defendant in error, defendant below, for the recovery of the possession of a calf, of the value of $25.00. The case was tried to a jury and a verdict and judgment rendered in favor of the defendant. The errors assigned and relied on are: First, that the defendant was called under the statutes as a witness for the plaintiff, and that the court erred in permitting defendant's counsel to examine the witness upon matters outside of that involved in the examination by the plaintiff; second, that the court eliminated parts of certain answers to depositions which are alleged to be material and competent; third, the denial of certain instructions tendered by the defendant.

As to the first assignment, it has been many times held by this court that the matter goes simply to the order of proof and that in this the trial court has a wide discretion. Upon examination of the record, we are unable to see that there was any abuse of discretion in this case, or that the plaintiff was prejudiced thereby.

We find no prejudicial error in the elimination of parts of certain answers contained in the depositions or either of them.

We find that the court generally and fully instructed the jury upon the issues in the cause, and that there was no prejudicial error to the plaintiff in refusing the instruction tendered.

The plaintiff in error makes special contention that the court should have defined the term, "preponderance of the evidence." While this definition is sometimes given in instructions, we know of no rule of practice that requires it. The words "preponderance" and "evidence" are words of common and daily use, the common and accepted meaning of which must be assumed to be understood by the jury.

There were twelve witnesses produced in behalf of one of the parties, and eleven on the part of the other. The verdict was clearly rendered upon conflicting evidence, and we see no reason why it and the judgment should be disturbed.

Judgment affirmed.

Hill, C. J., and Garrigues, J., concur.